UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SHANNON SELLERS                                                                                      PLAINTIFF

V.                                                                         CIVIL ACTION NO. 3:23-cv-00432-SA-JMV

US BEVERAGE PACKERS, LLC                                                                       DEFENDANT

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL**

This matter is before the court on Plaintiff Shannon Sellers' Motion to Compel [Doc. 146]. For the reasons stated below, the Court finds that the motion shall be granted in part and denied in part, as detailed herein.

**Background and Procedural History**

This action was filed on September 1, 2023, and removed to federal court by Defendant on the basis of diversity jurisdiction on November 14, 2023. On December 3, 2024, the undersigned provided a detailed procedural history in its Order Granting Plaintiff's Amended Second Motion to Extend CMO Deadlines [Doc. 147].

The instant motion to compel was filed by Plaintiff [Doc. 146] on November 27, 2024, relates to Defendant's responses to Plaintiff's Second Set of Interrogatories and Third Set of Requests for Production. Specifically, the motion asks the undersigned to compel Defendant to identify all other, similar complaints [139-6], argues that deficiencies in Defendant's document production persist, and asserts that Defendant has yet to fully disclose the identities of former management-level employees who have firsthand knowledge of the conditions existing at Defendant's plant in Keasbey, New Jersey, on the date when the beverage at issue was manufactured and bottled [139-1].

In response, Defendant argues that "the information and documentation Plaintiff seeks, to the extent it exists, is not relevant to any party's claims or defenses and not proportional to the needs of the case." [Doc. 149] at 1. Defendant did, however, agree to supplement certain contested discovery responses to the best of its ability, with the information/documentation known of and in possession of to date.

On December 16, 2024, Plaintiff filed an Unopposed Motion to Correct the Record [Doc. 151], which noted that while the Reply referenced the testimony of Amish Patel, Rany Zeitoune, Andrew Clift, and Dean Angel, and identified these persons as Defendant's 30(b)(6) representatives, the only 30(b)(6) witness of Defendant was, in fact, Dean Angel. On December 17, 2024, the Court entered an order granting the motion to correct the record.

**Law and Analysis**

Federal Rule of Civil Procedure Rule 26(b)(1) explains that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The United States Supreme Court has held that the rules of discovery are to be accorded a broad and liberal treatment. *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). And the courts in this district have recognized that "the scope of discovery is broad, and the rules provide that the information sought need not be admissible so long as the request is calculated to lead to the discovery of admissible evidence." *Harmon v. City of Southaven, Mississippi*, 2008 WL 1821467, at *2 (N.D. Miss. Apr. 22, 2008).

If a party fails to produce documents or answer an interrogatory under Federal Rules of Civil Procedure 33 and 34, then Rule 37(a)(3)(B) allows the other party to "move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The party resisting the compulsion "must show specifically how each discovery request is not relevant

2

or otherwise objectionable." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "A party must respond with candor and good faith in either providing the information sought or stating a legitimate objection to doing so." *Burdette v. Panola Cnty.*, 2015 WL 1433462, at *1 (N.D. Miss. Mar. 31, 2015).

An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). But the court protects a resisting party if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The Court prefaces this ruling by noting that each instance below where the Court finds documents subject to discovery due to their being reasonably calculated to lead to the discovery of admissible evidence, the motion is granted; provided, however, in each case whether reiterated hereafter or not, the granting of the request is subject to the documents being reasonably accessible to Defendant in accordance with Federal Rule of Civil Procedure 26, it not having been produced already, and it not being claimed as privilege on a privilege log as required by the Federal Rules of Civil Procedure.

**A. Plaintiff's Second Set of Interrogatories[1]**

1. **Interrogatory No. 21: Please provide the name, last known address, present whereabouts, telephone number, email address, and current place of employment for each person who occupied one of the following positions at your facility in Keasbey, New Jersey, for any length of time from the date it was first opened until the present, and provide the inclusive dates of employment for each: (a) plant manager, (b) quality assurance manager, and (c) facility maintenance manager.**

---

[1] While not included herein, Defendant's specific objections to each of the interrogatories and requests for production are on the record as Exhibits 4 and 5 to [Doc. 139].

Court's Ruling as to Interrogatory No. 21: This request, insofar as it seeks the identity and dates of employment of these managers serving when the subject product was manufactured and their last known contact information, it is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, to this extent, the motion to compel is granted, and it is denied otherwise.

2. **Interrogatory No. 22: Corporate witness Andrew Clift testified the Zendesk system includes a drop-down menu with "probably 30 plus" available complaint types and that you have "a canned response" used to alert a consumer "we don't think you are doing this in good faith…." See Depo at pp. 18, 41. Please provide the full list of the available complaint types and the exact text of the standard "we don't think you are doing this in good faith" response identified by Mr. Clift.**

Court's Ruling as to Interrogatory No. 22: This request, to the extent it seeks complaint types that concern rodents of any form and the text of the "canned response" message referred to, are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, to this extent and if not already produced, the request is granted. Except as granted, the request is denied.

3. **Interrogatory No. 23: Corporate Witness Dean Angel testified: "We have had expert in the past for previous cases to perform autopsies. We have also had experimentation done to rule out any potential issues during processing that would cause a mouse to look as it has in the pictures, meaning, that it's not the same. A picture is not the same of what I have seen what would happen." See Depo at p. 16. Please identify each of the "previous cases" referred to by Mr. Angel in which it was alleged a rodent was found in a sealed beverage container by providing the style of the case, including state, court and cause number, the names of the parties and attorneys, and the dates of filing and dismissal. In addition, please provide the name, last known address, present whereabouts, telephone number, email address, and current place of employment for each expert who performed any testing or experimentation, or prepared a written report in each such case.**

Court's Ruling as to Interrogatory No. 23: The request, to the extent it seeks the identity of the "previous cases" (in which it was alleged a rodent was found in a sealed beverage container) by providing the style of the case and any other identifying information reasonably accessible is

4

reasonably calculated to lead to the discovery of admissible evidence. Accordingly, to this extent and if not already produced, the request is granted. Except as granted, the request is denied.

**B. Plaintiff's Third Set of Requests for Production of Documents**

1. **Request No. 11: Corporate witness Dean Angel testified a "root cause analysis" occurs at each facility associated with a consumer complaint, and that supporting documentation is "required by law" to be maintained at the facility as "part of the auditing process." See Depo at pp. 10-12. Please produce all documents relating to the "root cause analysis" into each Zendesk ticket designated as a "Mouse in Can" complaint.**

   Court's Ruling as to Request No. 11: This request, insofar as it seeks the supporting documentation for any "root cause analysis" required by law to be maintained at the facility where the subject product was manufactured and which was designated on the Zendesk ticket as a "Mouse in Can" complaint is reasonably calculated to lead to the discovery of admissible evidence, provided it concerns a period of time of two-and-a-half years before and two-and-a-half years after the manufacture date of the product at issue here. Accordingly, to this extent, and if not already produced, the motion to compel is granted. Except as granted, the motion is denied.

2. **Request No. 12: Corporate witness Dean Angel testified: "The cans come from our supplier off a truck." See Depo at p. 68. Please produce all documents identifying the supplier or manufacturer of the can at issue, along with copies of any pest control, quality control, or quality assurance documents provided to or received from the supplier or manufacturer in question.**

   Court's Ruling as to Request No. 12: This request, insofar as it seeks the production of a document that identifies the manufacturer of the can at issue and any documents concerning pest control, quality control, or quality assurance related to the manufacture of those cans for the period during which the subject product was manufactured are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, to the extent they are reasonable accessible and have not already been produced, they should be. Otherwise, the request is denied.

3. **Request No. 13: Corporate witness Dean Angel testified that cans arrive at your facility on pallets covered with "craft paper" which are then uncovered and "de-palletized" one**

**layer at a time by a "de-pal operator" before being "indexed" single file and placed in the production line. See Depo at pp. 71-75. Please produce a video depicting the entire "de-palletizing" process at your facility, beginning with covered pallets and ending with single cans moving down the production line.**

Court's Ruling as to Request No. 13: This request is outside the scope of permissible discovery as it seeks to compel not the provision of evidence, but its creation. It is denied.

4. **Request No. 14: Corporate witness Andrew Clift testified "all complaints from any given month" are collected on a "complaint summary report" that "goes back to the bottler as well as some other folks internally." See Depo at p. 23. Your prior document production included a spreadsheet identifying the "date of first contact" for 25 "rodent" complaints. Please produce each complaint summary report that includes one or more of the rodent complaints identified on your spreadsheet, as well as the complaint summary report that should have included the complaint made by Plaintiff on May 1, 2023. See Exhibit A hereto.**

Court's Ruling as to Request No. 14: The requested summary reports about the rodent complaints, including that made by Plaintiff on May 1, 2023, are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, to the extent such documents exist and have not been produced in legible form already, they must be. Otherwise, the request is denied.

5. **Request No. 15: Zendesk ticket #120616 relates to an inquiry from Sean Wolski, Consumer Complaint Coordinator with the Food and Drug Administration ("FDA"). The inquiry was received March 5, 2024, and assigned to Pat Brown who noted in the Zendesk system: "PB sent this to legal on 3/5/24 sent to Karen to handle." Please produce all documents relating to the subject FDA inquiry, whether generated by the consumer, FDA, you, or any third-party.**

Court's Ruling as to Request No. 15: The requested documents, to the extent they concern a rodent, or like varmint, in a can manufactured by Defendant at the subject facility are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, to the extent they have not already been produced and are not subject to privilege as reflected on a properly prepared privilege log, they must be. Otherwise, the request is denied.

6. **Request No. 16: Please produce all documents relating to the handling and final disposition of each Zendesk ticket designated as a "Mouse in Can" complaint which you submitted to an insurer or claims adjuster including, #15024 (J. Zajicek), #28550 (S.**

6

**Ballman), #29898 (S. Roberts), #61066 (Christina), #64038 (B. Wrate), #79246 (M. Ryan), #71661 (J. Barnett), #81524 (J. Migel), #88484 (A. Muhammed), #89401 (A. Janci), #93554 (P. Flood), #96356 (M. Williamson), #113469 (B. Adrian), #114523 (J. Causey), #114755 (J. Murphy), and #64476 (C. Powell / F. Ajtaji). This request seeks all documents in your possession, custody or control, whether generated by the consumer, insurer, claims adjuster, you, or any third-party.**

Court's Ruling as to Request No. 16: The requested documents, to the extent they concern a rodent, or like varmint, in a can manufactured by Defendant at the subject facility are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, to the extent they have not already been produced and are not subject to privilege as reflected on a properly prepared privilege log, they must be. Otherwise, the request is denied.

7. **Request No. 17: Your prior document production included a copy of your "Pest Control Procedure" and a series of "Proof of Service" reports from Rentokil (d/b/a Ehrlich Pest Control) for your facility in Keasbey, New Jersey. Please provide copies of all other documents identified or described in your Pest Control Procedure including, (a) facility map and pest device control map; (b) pest sighting log; (c) pesticide usage log; (d) proof of pest control licenses; (e) proof of required training; (f) proof of insurance; (g) records of inspections, corrections, corrective measures, and corrective actions; (h) documented annual assessments; and (i) inspection schedule.**

Court's Ruling as to Request No. 17: The requested documents, to the extent they seek Pest Control Procedures, including those described in a-e and g-i are reasonably calculated to lead to the discovery of admissible evidence, provided they concern the subject facility and a two-and-a-half-year period before and/or after the manufacture of the subject complained of product. Accordingly, to the extent they have not already been produced and are not subject to privilege as reflected on a properly prepared privilege log, they must be. Otherwise, the request is denied.

8. **Request No. 18: Corporate witness Rany Zeitoune testified to a "broad safety program" supported by various "policies and procedures" in addition to the Pest Control Procedure included in your prior document production. See Depo at pp. 7-8. A request for the production of these materials was made during the deposition of Mr. Zeitoune. Please produce a complete copy of all "policies and procedures" which comprise part of the "broad safety program" in place at your facility.**

7

Court's Ruling as to Request No. 18: The court understands this request to have been withdrawn.

9. **Request No. 19: Please provide the personnel or HR files for each person who occupied one of the following positions at your facility in Keasbey, New Jersey, for any length of time from the date it was first opened until the present: (a) plant manager, (b) quality assurance manager, and (c) facility maintenance manager. Your production should include, at a minimum, all performance evaluations, training records, disciplinary actions, and documents reflecting the reasons why each such person was terminated, resigned, separated, or transferred from their position.**

Court's Ruling as to Request No. 19: The requested documents (HR records) are not reasonably calculated to lead to the discovery of admissible evidence except to the extent such document(s) reflect that the identified persons in service on at the time of manufacture of the subject product was/were terminated, resigned, separated, or transferred from their position related to a mouse or rodent in can complaint(s).

10. **Request No. 20: Corporate Witness Dean Angel testified: "We have had experts in the past for previous cases to perform autopsies. We have also had experimentation done to rule out any potential issues during processing that would cause a mouse to look as it has in the pictures, meaning, that it's not the same. A picture is not the same of what I have seen what would happen." See Depo at p. 16. Please produce a copy of each written report provided or prepared by any expert in each of the "previous cases" referred to by Mr. Angel in which it was alleged a rodent was found in a sealed beverage container, regardless of whether the expert was for the claimant or defendant.**

Court's Ruling as to Request No. 20: A copy of each written report provided or prepared by any expert, and introduced into evidence during litigation of the case (by motion or otherwise), in each of the "previous cases" referred to by Mr. Angel in which it was alleged a rodent was found in a sealed beverage container, regardless of whether the expert was for the claimant or Defendant, is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, to the extent they are reasonably accessible to Defendant, have not already been produced and are not subject

8

to privilege as reflected on a properly prepared privilege log, they must be. Otherwise, the request is denied.

**Conclusion**

For the reasons stated herein, the Court finds that the Plaintiff's motion to compel [Doc. 146] shall be and is hereby **GRANTED IN PART AND DENIED IN PART**, consistent with the rulings herein. Defendant shall comply with the order as soon as possible, but in no event later than January 10, 2025.

**SO ORDERED**, this the 17th day of December, 2024.

*/s/ Jane M. Virden*
**UNITED STATES MAGISTRATE JUDGE**