IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SHANNON SELLERS                                                                                              PLAINTIFF

v.                                                                           CIVIL ACTION NO. 3:23-CV-432-SA-JMV

US BEVERAGE PACKERS, LLC                                                                            DEFENDANTS

ORDER AND MEMORANDUM OPINION

On September 1, 2023, Shannon Sellers initiated this lawsuit by filing her Complaint [2] asserting claims for negligence, products liability, and breach of warranties against US Beverage in the Circuit Court of Lafayette County, Mississippi. US Beverage removed the case to this Court, premising federal jurisdiction on the basis of diversity. Sellers has since filed an Amended Complaint [29], but she still asserts the same three causes of action.

Now before the Court is the US Beverage's Motion for Summary Judgment [94]. The Motion [94] is ripe for review.

*Relevant Background*

On April 30, 2023, Sellers' then-boyfriend (now husband) Luis Ortiz purchased a can of Arizona Arnold Palmer Lite from a gas station in Oxford, Mississippi. Ortiz placed the can in Sellers' refrigerator so that she could take it to work with her the next day.

The following morning, Sellers took the can with her to her job on campus at the University of Mississippi. At the start of her weekly department meeting, Sellers opened the can. After consuming the beverage, Sellers discovered two dead mice in the bottom of the can. Sellers became sick, exited the meeting, and immediately sought medical attention. Other individuals attending the meeting looked inside the can and saw the mice, and one of Sellers' co-workers, Brad Noel, took a video of the mice in the can.

US Beverage is engaged in the business of manufacturing, bottling, packaging, and distributing Arizona Arnold Palmer Lite. In her Amended Complaint [28], Sellers seeks to hold US Beverage liable on claims of negligence, products liability, and breach of warranties.

In the present Motion [94], US Beverage seeks dismissal of all claims based on Sellers' failure to designate an expert to support her claims. US Beverage contends that this failure is fatal to Sellers' claims.

*Standard*

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Nabors v. Malone*, 2019 WL 2617240, at *1 (N.D. Miss. June 26, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

"The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *Id*. (quoting *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548). "The nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548). Importantly, "the inferences to be drawn from the underlying facts contained in the affidavits, depositions, and exhibits of record must be viewed in the light most favorable to the party opposing the motion." *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019) (quoting *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 646 (5th Cir. 1997)). However,

"[c]onclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial." *Nabors*, 2019 WL 2617240 at *1 (citing *TIG Ins. Co. v. Sedgewick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)) (additional citations omitted).

*Analysis and Discussion*

At the outset, the Court clarifies the applicable law. Although Sellers has alleged three different causes of action, they are subsumed by the Mississippi Products Liability Act ("MPLA"), which by its own terms applies "in *any* action for damages caused by a product, with deviation defects, warnings or instruction defects, design defects, and where a product breached an express warranty." *Elliott v. El Paso Corp.*, 181 So. 3d 263, 268 (Miss. 2015) (quoting MISS. CODE ANN. § 11-1-63) (emphasis previously added; internal quotation marks omitted). The Mississippi Supreme Court has made clear that the MPLA "provides the exclusive remedy for products-liability claims[.]" *Id*. at 268 (quoting *Lawson v. Honeywell Int'l*, 75 So. 3d 1024, 1027 (Miss. 2011)).

The MPLA "requires a plaintiff to establish four elements: (1) a defect in the product's manufacturing, design, or warnings, or that the product breached an express warranty; (2) the defective condition rendered the product unreasonably dangerous; (3) the defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought; and (4) the defective condition existed at the time the product left the control of the manufacturer, designer or seller." *Smith v. Hyundai Motor Am.*, 2024 WL 2701699, at *2 (S.D. Miss. May 24, 2024) (quoting MISS. CODE ANN. § 11-1-63(a)).

In seeking summary judgment, US Beverage's premise is straightforward—it contends that Sellers' claims must be dismissed because she has not designated an expert to substantiate them.

3

As US Beverage phrases it, "Mississippi state and federal courts have uniformly granted summary judgment against product liability plaintiffs for failing to present expert testimony." [95] at p. 5.

US Beverage places significant weight on this Court's decision in *Taggert v. FCA US LLC*, 2018 WL 493479 (N.D. Miss. Jan. 19, 2018). There, the plaintiff, Linda Taggert, was driving her 2008 Chrysler 300 when she "lost control of her vehicle and veered off the highway into a ditch. Taggert attempted to apply the brakes, but could not stop the car. The vehicle eventually stopped after hitting a sign and a tree. The airbags did not deploy during the accident." *Id*. at *1. Taggert filed suit against the vehicle manufacturer and the dealership that sold her the car, averring that design and manufacturing defects caused the accident. *Id*. The manufacturer and dealership both sought dismissal, and, notably, Tagger did not respond to either motion. *Id*.

The Court dismissed the dealership pursuant to the "innocent seller" exception contained within the MPLA. *Id*. at *3. As to the manufacturer, this Court accepted its argument that Taggert's claims were doomed to fail since she had not designated an expert witness. *Id*. In particular, this Court noted that "[f]ederal courts in this state have repeatedly held that expert testimony is required in product liabilities claims brought under the MPLA." *Id*. (citations omitted). The Court continued on: "[w]ithout this expert testimony, there exists only the two recall notices identified in Taggert's complaint as evidence of a defect in her vehicle. Such recall notices, however, are not admissible evidence that can establish liability. Even assuming that these notices were admissible, they do not establish that Taggert's vehicle was defective, or that those defects caused Taggert's accident and injuries." *Id*. at *4.

In US Beverage's view, *Taggert* forecloses any possibility of recovery for Sellers since she did not designate an expert to testify on her behalf as to the existence of a manufacturing defect. Sellers concedes that courts often require expert testimony in cases brought under the MPLA, but

4

she argues that it is not mandated, particularly in cases that are non-technical such as the case at bar. She also emphasizes one of US Beverage's written discovery responses, wherein it admitted that "if the can did contain a rodent, which is denied, then it is admitted that that can was materially different." [114], Ex. 2 at p. 2.

Sellers additionally directs the Court's attention to the language contained in a 2024 case from the District Court for the Southern District of Mississippi. *See Smith*, 2024 WL 2701699. In *Smith*, the plaintiff, Shavontae Smith, filed a lawsuit asserting MPLA claims after the steering wheel on her vehicle "allegedly 'locked up' and caused Smith to lose control of the vehicle." *Id*. at *1. Smith did not retain an expert, and the district court granted judgment in favor of the vehicle manufacturer. *Id*. In its opinion, the district court noted that "it is well-established than an MPLA claim *requires* expert testimony." *Id*. at *4 (collecting cases; emphasis added). However, the district court also included in the opinion a footnote providing as follows:

> Although the MPLA's plain language does not state expert testimony is required per se to prove a defect, federal courts in this state often impose such a requirement in technical cases. The Court concludes that expert testimony is necessary in Smith's case, *given the highly technical facts underlying her MPLA claims*.

*Id*. at *4 n. 2 (citations and internal quotation marks omitted; emphasis added).

The case at bar is distinguishable from *Smith* (and *Taggert*). Unlike a case involving a malfunction in a vehicle—something that would typically be outside of the scope of lay juror's knowledge—this case is *not* highly technical. Although recognizing that courts (including this Court) often require a plaintiff to come forward with expert testimony to prove an MPLA claim, the Court is unaware of a mandate that expert testimony must be utilized in all cases without any regard to the underlying facts. The Court declines US Beverage's invitation to impose such a

5

bright-line rule in the absence of any statutory language or binding case law mandating that it do so.

Sellers has come forward with sworn testimony—of herself and others—that she opened the can, consumed the beverage, and discovered two dead mice inside the can. Furthermore, US Beverage has admitted that, if the can left its facility with two mice inside of it, then the product materially deviated from other cans that the company manufacturers, bottles, packages, and seals.

The Court also notes the report of US Beverage's expert, Laura K. Bryan, Ph. D., who reached the conclusion that "the mice were not processed and/or sealed inside the can at the bottling plant. The mice entered or were introduced into the product after [the] can was opened." [94], Ex. 2 at p. 3. However, in her deposition, Bryan testified that when she inspected the can she did not discover anything indicative of the can having been tampered with.

Ultimately, the Court finds that Sellers has come forward with sufficient evidence to create a question of fact. Given the non-technical nature of this case and considering the other evidence contained in the record, the Court rejects US Beverage's contention that Sellers must present expert testimony as to the material deviation aspect of her claim. Stated simply, this case is distinguishable from the highly-technical cases for which expert testimony is necessary. Summary judgment is not warranted.

*Conclusion*

For the reasons set forth above, US Beverage's Motion for Summary Judgment [94] is DENIED.

SO ORDERED, this the 28th day of January, 2025.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE